Filed 8/5/22 P. v. Rangal CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C094873 |
| Plaintiff and Respondent, | (Super. Ct. No. STKCRFCOD20150005682, SF130853A) |
| v. | |
| TRINIDAD ALEXANDER RANGAL, | |
| Defendant and Appellant. | |

Defendant Trinidad Alexander Rangal appeals the trial court's denial of the Department of Corrections and Rehabilitation's (CDCR) recommendation to consider recalling defendant's sentence and resentencing him. Agreeing with the parties that recent statutory changes warrant reconsideration, we reverse and remand.

### I. BACKGROUND

In July 2015, defendant entered a guilty plea, stipulating to a sentence of 14 years for first degree burglary (Pen. Code, § 459),[1] enhanced for personal use of a firearm

---

[1] Undesignated statutory references are to the Penal Code.

1

under section 12022.53, subdivision (b), and two counts of second degree robbery (§ 211).

In April 2021, the secretary of the CDCR sent a letter to the trial court recommending recall and resentencing of defendant pursuant to the former version of section 1170, subdivision (d)(1) (former section 1170(d)(1)), which authorized a court, at any time after receiving a recommendation from CDCR, to recall an inmate's sentence and resentence the inmate to a lesser sentence. The recommendation was based on recent amendments to section 12022.53, subdivision (h) granting courts discretion to strike or dismiss firearms enhancements in the interest of justice.

In May 2021, the trial court, without appointing counsel, providing notice to defendant, holding a hearing, or explaining its reasoning, declined to exercise its discretion to recall defendant's sentence or strike the enhancements.

While defendant's appeal was pending, Assembly Bill No. 1540 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 719, §§ 1-7; Assembly Bill 1540) came into effect on January 1, 2022, and moved the recall and resentencing provisions of former section 1170(d)(1) to section 1170.03. As of June 30, 2022, section 1170.03 was recodified without substantive change as section 1172.1. (Stats. 2022, ch. 58, § 9.)

## II. DISCUSSION

The parties agree, albeit for different reasons, that reconsideration of defendant's case under Assembly Bill 1540 is warranted. Because we conclude that Assembly Bill 1540 applies to defendant's case as a clarification of former section 1170(d)(1), we reverse and remand.

Assembly Bill 1540 revised the recall and resentencing procedures under former section 1170(d)(1) by adding section 1170.03 (now section 1172.1), which requires a resentencing court to, among other things, hold a hearing, consider certain mitigating factors related to the defendant, and state on the record its reasons for granting or denying recall and resentencing. (§ 1172.1, subd. (a)(4), (6), (8).) And where, as here, the CDCR

2

recommends resentencing, the court must provide notice to the defendant, set the matter for a status conference, and appoint counsel to represent the defendant. (*Id.*, subds. (a)(1), (b)(1).) In such cases, there is a presumption in favor of recall and resentencing that can be overcome only by a finding that the defendant is an unreasonable risk of danger to public safety. (*Id.*, subd. (b)(2).)

In *People v. McMurray* (2022) 76 Cal.App.5th 1035, we held: "[T]he Legislature repeatedly indicated that Assembly Bill 1540 was intended to 'make clarifying changes' to former section 1170(d)(1), including specifying the required procedure and guidelines when the CDCR recommends recall and resentencing. [Citation.] . . . Under the circumstances, the appropriate remedy is to reverse and remand the matter, so that the trial court can consider the CDCR's recommendation to recall and resentence [the] defendant under the new and clarified procedure and guidelines of section [1172.1]. [Citation.] This is especially true here, given that the trial court failed to provide defendant with notice of the recommendation from the CDCR, appoint counsel for defendant, hold a hearing, or state its reasons for declining to recall and resentence defendant." (*Id.* at p. 1041.)

The same reasoning applies here. Given our conclusion, we need not reach defendant's specific contentions. (See *People v. McMurray, supra,* 76 Cal.App.5th at p. 1042.)

## III.  DISPOSITION

The order declining to recall and resentence defendant is reversed.  The matter is remanded for reconsideration of the CDCR's recommendation to recall and resentence defendant in accordance with section 1172.1.

/S/

_____

RENNER, J.

We concur:

/S/

_____

HULL, Acting P. J.

/S/

_____

EARL, J.